[Cite as *Grenga v. Youngstown State Univ.*, 2011-Ohio-877.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JOSEPH ROBERT GRENGA

   Plaintiff

   v.

YOUNGSTOWN STATE UNIVERSITY

   Defendant
   Case No. 2010-10033

Judge Clark B. Weaver Sr.

ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

{¶ 1}  On November 8, 2010, defendant filed a motion for summary judgment pursuant to Civ.R. 56(C).  On November 30, 2010, plaintiff filed a response.  On December 2, 2010, plaintiff filed a motion for summary judgment and a motion for leave to file the same.  On December 8, 2010, defendant filed a response to plaintiff's motions.  Inasmuch as this case has not been set for pretrial or trial, plaintiff's motion for leave is DENIED as moot.  Civ.R. 56(A).  The case is now before the court for a non-oral hearing on the motions.

{¶ 2}  Civ.R. 56(C) states, in part, as follows:

{¶ 3}  "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  No evidence or stipulation may be considered except as stated in this rule.  A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable

minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also *Gilbert v. Summit County*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

**{¶ 4}** Plaintiff asserts that, on at least three occasions, employees of Youngstown State University (YSU) entered upon his property without permission. On October 13, 2010, the court dismissed plaintiff's constitutional claims, criminal trespass claim, and claims accruing prior to August 18, 2008. Defendant asserts that plaintiff's remaining claims of civil trespass and invasion of privacy are time-barred in that those claims are based upon transactions or occurrences that predate August 18, 2008.

**{¶ 5}** In support of its motion, defendant submitted the affidavit of YSU Associate General Counsel Gregory Morgione, who has been employed by defendant since November 2005. Morgione's affidavit states, in pertinent part, as follows:

**{¶ 6}** "3. James Mineo was employed by the University from October 12, 1970 through June 28, 1996 and from November 1, 2002 through October 31, 2007. Mr. Mineo retired from the University on October 31, 2007.

**{¶ 7}** "4. In early 2007, I was aware that the city of Youngstown (the City) wanted to purchase Joseph Robert Grenga's property located at 128 West Rayen Avenue, Youngstown, Ohio (the Property) for the purpose of constructing a public road through a portion of the University campus.

**{¶ 8}** "5. On or about March 8, 2007, Mr. Mineo and I accompanied representatives from the City during their inspection of the Property. One of Mr. Grenga's employees met us at the Property, unlocked the front entrance door to the Property and allowed us to inspect the Property. I did not enter the Property again during the remaining time that Mr. Grenga owned the Property, nor am I aware that any

other YSU employee entered the Property after March 8, 2007 on behalf of YSU during the remaining time that Mr. Grenga owned the Property.

{¶ 9} "6.   On or about September 5, 2007, the city of Youngstown adopted Resolution No. RES-01 107 declaring the necessity and intention to appropriate the Property to make a public road.

{¶ 10} "7.   On January 29, 2008, the city of Youngstown filed a petition to appropriate the Property in the Mahoning County Court of Common Pleas, Case No. 2008 CV 00388."

{¶ 11} Plaintiff has submitted his own affidavit wherein he "take[s] exception to the date" on which Morgione claims to have inspected plaintiff's property.  According to plaintiff, a January 14, 2009 letter from Dan Pribich, Deputy Law Director of the city of Youngstown, shows that defendant's employees entered his building "on or about January, 2009."   However, Pribich states in his letter that "the County Auditor's appraiser and their authorized representatives" were scheduled to enter plaintiff's property on January 19, 2009, for the purpose of appraising and documenting the property.  The letter does not refer to defendant, and plaintiff has not presented any evidence from which the court could infer that employees of defendant participated in the January 19, 2009 appraisal.

{¶ 12} The only employees of defendant whom plaintiff has identified as being among the persons who entered upon his property are Morgione and Mineo. Morgione's affidavit states that one of plaintiff's employees allowed representatives of defendant and the city of Youngstown to inspect the property.  Additionally, Morgione's representation that Mineo retired from his employment with defendant on October 31, 2007, and that neither Morgione nor any other employee of defendant has visited plaintiff's property since March 8, 2007, is not disputed.

{¶ 13} The court finds that the only reasonable conclusion to be drawn from the undisputed evidence set forth above is that plaintiff's claims for relief are based upon transactions or occurrences that predate August 18, 2008.   Plaintiff did not file his

complaint until August 18, 2010, more than two years later.  Consequently, plaintiff's claims are time-barred.  See R.C. 2743.16.

{¶ 14} For the foregoing reasons, the court finds that there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law. Defendant's motion for summary judgment is GRANTED, plaintiff's motion for summary judgment is DENIED, and judgment is rendered in favor of defendant.  All other pending motions are DENIED as moot.  Court costs are assessed against plaintiff.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
CLARK B. WEAVER SR.
Judge

cc:

Amy S. Brown                                         Joseph Robert Grenga
Assistant Attorney General                     5498 Glenwood Avenue
150 East Gay Street, 18th Floor              Boardman, Ohio 44512-2551
Columbus, Ohio 43215-3130

AMR/cmd
Filed January 18, 2011
To S.C. reporter February 22, 2011